UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | CRIMINAL NO. A-15-CR-338-SS |
| | § | |
| v. | § | |
| | § | UNITED STATES' RESPONSE IN |
| MICHAEL HARRINGTON, | § | OPPOSITION TO DEFENDANT'S |
| | § | REQUEST FOR COMPASSIONATE |
| Defendant. | § | RELEASE |

The United States opposes the request for compassionate release filed by defendant Michael Harrington, as he does not present circumstances justifying the requested relief.

I.     Background.

The defendant was convicted of the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1) on May 6, 2016.  He is serving a 96-month sentence. He is scheduled to be released in August 2022.  He has now filed a motion under 18 U.S.C. § 3582(c)(1)(A), in which he asks this Court to grant his request for compassionate release and reduce his prison sentence to time served.  The defendant's request for compassionate relief is not warranted at this time.

II.    Legal Standard.

Defendant argues that his sentence may be reduced under 18 U.S.C. § 3582(c) as he asserts that he has a "terminal disease," that is, "a disease or condition with an end of life trajectory" as defined in 18 U.S.C. § 3582(d)(1).

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c).  The First Step Act enables a defendant to file a motion for compassionate release directly with the sentencing court provided he first exhausts administrative

remedies and otherwise demonstrates to the district court that he satisfies the Act's criteria.

*See* First Step Act, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018); 18 U.S.C.

§ 3582(c)(1)(A) (effective Dec. 21, 2018).  The First Step Act provides, in relevant part:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted [administrative remedies], may reduce the term of imprisonment ... if it finds that [ ] extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

When the exhaustion requirement is satisfied, a district court may reduce the sentence if the defendant shows that (1) extraordinary and compelling circumstances warrant a reduction and (2) a reduction would be consistent with applicable Sentencing Commission policy.  18 U.S.C. § 3582(c)(1)(A).

The First Step Act notwithstanding, this Court may not grant the defendant the relief he requests.

A.  Harrington Has Failed to Exhaust His Administrative Remedies

Harrington asserts that he "has been diagnosed with stage 4 colon cancer as well as being set to be fitted for a pacemaker," and that his medical condition is such that his life expectancy "falls with the 18 month timeframe".

An inmate who wishes to seek compassionate release in the district court must first file an administrative request with the BOP and then either exhaust his administrative appeals (if the BOP denies his request) or wait 30 days after submitting his request to the BOP. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Only after following these procedures may an inmate file a motion for compassionate release in the district court. *See generally United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is a requisite for judicial review); *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019

WL 2411311, at *1 (M.D. Fla. June 7, 2019); *United States v. Solis*, 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. AL June 28, 2019)(The First Step Act does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief).

Harrington does not allege or otherwise indicate in his pleadings that he pursued an administrative request for a reduction in his sentence due to his medical condition with the BOP or asked the Warden of FCI-GILMER, the facility where he was an inmate at the time of filing his request in District Court, to file a motion for a reduction in his sentence due to his medical condition/compassionate release on his behalf. BOP records reveal that the Harrington did not submit his request for a reduction in his sentence due to his medical condition/compassionate release to BOP. Harrington should be required to exhaust his administrative remedies before availing himself of this new compassionate-release provision.

Administrative exhaustion is particularly important in this context because the federal sentencing guidelines and section 3582(c) make eligibility for compassionate release dependent on the inmate's present medical condition (in most cases) and his potential danger to others and the community. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13(2); U.S.S.G. §1B1.13, comment. (n.1). Other criteria also apply, such as the sentencing factors of 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), but the district court cannot make an informed decision as required by section 3582(c) without the BOP's input. Circumventing the required administrative procedures prevents the BOP from obtaining and providing this crucial information to the Court. Accordingly, the defendant may not seek compassionate release from this Court.

B.  Failure To Demonstrate Extraordinary and Compelling Reasons Exist

The defendant's request should be denied because the filed pleadings do not establish that he qualifies for compassionate release based on the criteria specified in 18 U.S.C. § 3582(c) and the sentencing guidelines." A district court may "not modify a term of imprisonment once it has been imposed" unless specifically authorized to do so by 18 U.S.C. § 3582(c). Compassionate release is authorized by § 3582(c)(1)(A) if the district court finds that "extraordinary and compelling reasons warrant such a reduction".

An inmate bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review – i.e., that he has "exhausted all administrative right to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have lapsed "from the receipt of such a request by the warden" – and that "extraordinary and compelling reasons" exist to support the motion.  18 U.S.C. § 3582(c)(1)(A).  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issues."); *cf. United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013) (defendant, as movant seeking relief under 18 U.S.C. § 3582(c)(2), bears burden of establishing entitlement to requested relief); *see also United States v. Perez-Asencio*, No. 18CR3611-H, 2019 WL 626175, at *3 (S.D. Cal. Feb. 14, 2019) (dismissing inmate's request for compassionate release *sua sponte* because he provided no medical records or other documentation to establish extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and USSG §1B1.13); *United States v. Clark*, No. 3:13CR-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (same).

Harrington's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, is based upon his medical condition.  That section provides

4

that the court may not modify a term of imprisonment once it has been imposed unless the court finds that "extraordinary and compelling reasons warrant" relief.  The First Step Act and Sentencing Guidelines describe situations in which "extraordinary and compelling" reasons may justify compassionate release.

The First Step Act adds special provisions relating to inmates suffering from a terminal illness, which appear in 18 U.S.C. § 3582(d).  In the Act, "terminal illness" is defined as "a disease or condition with an end-of-life trajectory."   18 U.S.C. § 3582(d)(1). The Sentencing Commission has issued a policy statement with regard to compassionate release, which is found in U.S.S.G. § 1B1.13 and the accompanying Application Notes. The policy provides, in relevant part here, that extraordinary and compelling reasons for a sentence reduction exist under the following circumstances:

(A) Medical Condition of the Defendant.—

>   (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)....

>   (ii) The defendant is—

>>   (I)      suffering from a serious physical or medical condition, …

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 comment. (n.1).

In this case, the defendant has not demonstrated that he satisfies the criteria for compassionate release.  Although he states that he "has been diagnosed with stage 4 colon cancer as well as being set to be fitted for a pacemaker", the defendant did not support this statement with any medical documentation, records, or supporting statement from his healthcare provider or BOP medical staff relating to his disease, nor supplement his filing

by submitting medical records to the District Clerk for the Western District of Texas that support his Request for Compassionate Release.  At this time, Harrington has not provided the Court with any medical information relevant to the stage (extent), prognosis, or treatment plan for his disease, and therefore has yet to establish that he is suffering from a terminal illness, (i.e., a serious and advanced medical condition with an "end-of life trajectory." [1]  Moreover, he has not demonstrated, that his physical condition "substantially diminishes [his] ability to provide self-care within the environment of a correctional facility".  *See* USSG §1B1.13, comment. (n.1 (A)(ii)).  Nor has he demonstrated that the BOP could not adequately monitor or treat his medical condition.[2]

Harrington has not shown that he satisfies the "Medical Condition of the Defendant" criteria to justify an extraordinary and compelling reason for a sentence reduction.

For all the reasons stated above, the United States respectfully requests that this Court deny the defendant's Request for Compassionate Release.

Respectfully submitted.

JOHN F. BASH.
United States Attorney

/s/Anthony W. Brown
ANTHONY W. BROWN
Assistant United States Attorney
302 San Jacinto Blvd, Suite 334
Austin, Texas  78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)

---

[1] The United States informs the Court that it has communicated with Kelly Moore, the Health Services Administrator at FCI and FPC Gilmer in Glenville, West Virginia about the defendant and his health concerns.  Mr. Moore has advised that "Mr. Harrington has a past history of atherosclerosis, diabetes, hypertension, hyperlipidemia, seizures and esophageal reflux. … On July 29, 2019 cardiology completed … and recommended implantable cardiac defibrillator. …On August 26, 2019, [a] rectal mass adenocarcinoma was found.  Patient [Harrington] went for oncologist appointment for treatment plan on September 26, 2019, and refused to see the oncologist.

[2] BOP advised the Government on October 8, 2019, that Harrington is currently designated to the Federal Medical Center – BUTNER; he was transferred from FCI-GILMER to FMC-BUTNER on October 8, 2019; and his current mailing address is FMC BUTNER, PO Box 1600, Butner, NC 27509.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF system.

I hereby certify that on October 9, 2019, a true and correct copy of the foregoing

document and the notice of electronic filing will be delivered via U.S. Mail to the following non-

CM/ECF participants:

Michael Anthony Harrington
62416-380
FMC Butner
P.O. BOX 1600
Butner, NC 27509

/s/Anthony W. Brown__
ANTHONY W. BROWN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | CRIMINAL NO. A-15-CR-338-SS |
| | § | |
| MICHAEL HARRINGTON, | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Court, having reviewed the record and pleadings in this case, finds that Michael

Harrington's Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Amended

by the First Step Act of 2018 is not warranted.

It is therefore, ORDERED that Harrington's Request for Compassionate Release Pursuant to

18 U.S.C. § 3582(c)(1)(A) as Amended by the First Step Act of 2018 is DENIED.

SIGNED this day of 2019.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE